**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

MARY MURPHY-TAYLOR, *in her individual capacity and in her capacity as the Personal Representative of the Estate of Ronald Taylor*,

Plaintiff,

v.

The CITY OF NEW HAVEN, BRIAN SULLIVAN, KEITH WORTZ, LEE DEASE, *Personal Representative of the Estate of Leroy Dease*, JOHN CARANGELO, *Personal Representative of the Estate of Percy Gethers*, DANIEL GLEASON, GIL BURTON, STEPHEN COPPOLA, MATTHEW MERCED, OTHONIEL REYES, *in their individual capacities*, and JOHN AND JANE DOES.

Defendants.

**Case No. 3:25-cv-935**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WORTZ'S MOTION TO BIFURCATE AND STAY DISCOVERY ON PLAINTIFFS' *MONELL* CLAIM**

Defendant Keith Wortz's motion provides no additional justification for the bifurcation of Plaintiff's *Monell* claims from her claims of individual liability beyond what the City has already argued. "Ordinarily, a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time." *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004). For a court to bifurcate claims—the "exception, not the rule"—"the *movant* must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Id.* (emphasis added). Where "defendants have failed to establish facts and circumstances to demonstrate that they would be unduly prejudiced if the discovery of all relevant facts proceeds," the "exceptional procedure of bifurcation" is "unwarranted." *Tucker v. Am. Int'l Grp., Inc.*, No. 09-cv-1499, 2011 WL 6020851, at *8 (D. Conn. Dec. 2, 2011). Defendant Keith Wortz does not, as he must, make a fact-specific demonstration to justify the bifurcation of Plaintiff's claims against him from Plaintiff's claims against the City of New Haven, whether in the discovery or trial phase of litigation. Wortz fails to mention even one fact about Plaintiff's allegations against him, his defense to those allegations, or the *Monell* evidence that he claims will cause him prejudice.[1] And the only (baseless) claims of prejudice Wortz makes are those that he purports will arise at a non-bifurcated trial; he articulates no basis for the bifurcation of discovery. The Court should thus deny his motion to bifurcate Plaintiff's individual liability claims from her *Monell* claims.

---

[1] Nor does Wortz address the fact that Plaintiff's allegations against him, like those against Defendant Brian Sullivan, center on his misconduct involving coerced "witness" Doreen Stiles, as well as the failure to document accurately her involvement in the Vega investigation and her vulnerabilities as a drug-addicted sex worker vulnerable to police pressure. *See, e.g.*, ECF No. 105 at ¶¶ 43–44, 116–24, 135, 146–50. A jury has already found the City liable for "a widespread practice or custom of suppressing evidence that was favorable to criminal defendants" in the same time period as the Vega investigation. *Morant v. City of New Haven, et al.*, No. 22-cv-630, ECF No. 569 at 7 (Verdict Form).

While Plaintiff largely refers the Court to her previously filed motion in opposition to the City's Motion to Bifurcate, *see* ECF No. 124, Plaintiff here briefly underscores why the bifurcation of Plaintiff's *Monell* claims from her individual liability claims against Wortz would be inefficient, not judicially economical, and that Wortz would suffer no prejudice were these claims not bifurcated, whereas Plaintiff would suffer great prejudice if they were.

**I. Wortz does not actually make any arguments why discovery should be bifurcated; nor could he.**

Though Wortz styles his motion as seeking bifurcation and a stay *Monell* discovery, all of his arguments center on the purported prejudice he would suffer if trial were not bifurcated. (As addressed below, these arguments are meritless.) But Wortz does not describe any basis to bifurcate discovery. The only argument Wortz conceivably asserts in support of bifurcation or a stay of discovery is that it "will promote judicial economy and avoid potentially unnecessary and burdensome discovery." ECF No. 123 at ECF p. 1. Plaintiff directs the Court to her prior briefing on bifurcation explaining that, here, much of the *Monell* discovery has already been completed or will overlap greatly with discovery on individual liability. *See* ECF No. 124 at 7–14. In particular, Wortz makes no representation as to how or why engaging in *Monell* discovery simultaneously with discovery pertaining to the claims Plaintiff asserts against him would not be economical or necessary. Nor could he. Discovery sought from Wortz pertains to Plaintiff's individual claims against him and/or Plaintiff's individual claims against other individual defendants. Per both the City's and Wortz's proposals, that is the exact type of discovery they

argue should proceed first. Thus, Wortz would not be spared engagement in the discovery process even were discovery bifurcated.[2]

**II. Wortz's arguments regarding bifurcation of trial are premature and inadequate.**

The crux of Wortz's arguments relates to his claims of prejudice if the jury were to hear *Monell* evidence before deciding liability on the individual claims Plaintiff has brought against him. *See, e.g.*, ECF No. 123 at 5 ("It is not fair to the individual defendants that the jury hear allegations of unrelated misconduct by police officers."); *see also id.* at 3–5. Wortz makes only a "broad, conclusory, and boilerplate assertion of undue prejudice," *Garcia v. Ramirez*, No. 19-cv-5841, 2021 WL 1253448, at *2 (N.D. Ill. Apr. 5, 2021), which alone is insufficient to overcome the judicial preference for a "single trial on the merits of all the contested issues and claims of the parties" over "their piecemeal adjudication," *Terrell v. Childers*, No. 93-cv-2460, 1996 WL

[2] On August 18, 2026, Plaintiff served requests for production to Defendant Wortz regarding a NHPD investigation into the 2006 murder of Philip Cusick, for which Defendant Brian Sullivan was eventually investigated internally by the NHPD and also criminally indicted and tried. *See* Ex. A (Plaintiff's RFPs, 8/18/2026). Wortz was involved in the Cusick investigation and also brought civil lawsuits in the aftermath of the internal NHPD investigation of Sullivan. Wortz objected to Plaintiff's requests, claiming they sought "production of documents…unrelated to the Gould and/or Taylor cases without the *Monell* claim pending" and because there are "pending motions to bifurcate the Monell claim and, if granted, any document request related solely to the *Monell* claim is irrelevant." *See* Ex. B (Wortz's 9/16/2026 Response to Plaintiff's RFPs). Though Wortz does not raise this particular argument in his motion, Plaintiff addresses it out of an abundance of caution. Wortz's objection is an inaccurate construal of the relevance of the documents Plaintiff seeks. Evidence pertaining to the Cusick investigation and, in particular, Sullivan's misconduct, is admissible at least against Sullivan under Federal Rules of Evidence 404(b) and 608(b). *See Walls v. City of New York*, 502 F. Supp. 3d 686, 692–93 (E.D.N.Y. 2020) (records of police officers' misconduct are "presumptively relevant" in § 1983 cases for potential use as Rule 608(b) evidence). No party proposes that there be separate individual liability trials for each individual defendant. And, of course, such a proposal would be completely unworkable. So even were evidence from the Cusick investigation solely admissible against Sullivan it would still be presented before the jury made a finding as to Wortz's liability, whether or not the *Monell* claims were bifurcated.

38510, at *14 (N.D. Ill. July 3, 1996). He has not asserted any specific evidence that would be prejudicial against him.

Plaintiff primarily directs the Court to her briefing at ECF No. 124 at 17–19 in response to this argument, but again emphasizes that this argument is premature; nothing about continuing with concurrent discovery would preclude the Court from addressing bifurcation of trial at a later date should the need arise. But if the Court were bifurcate discovery now, it would all but guarantee a bifurcated trial at this early stage of litigation. And bifurcating and staying *Monell* discovery until individual liability has been established would render impossible the option of conducting bifurcated phases of trial before the same jury, as the parties would need to engage in *Monell* discovery between the two phases of trial.

Even if Wortz had articulated some specific prejudice the individual defendants would suffer due to a unitary trial—which he has not—such "prejudice could be cured by 'carefully crafted' limiting instructions." *D'Arrigo v. Gloucester City*, No. 04-cv-5967, 2007 WL 4440222, at *3 (D.N.J. Dec. 17, 2007) (quoting *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 549–50 (S.D.N.Y. 2005)). Where the jury will hear about additional NHPD investigations not involving these individual defendants, Plaintiff would not oppose a jury instruction that it is only to consider such evidence in support of Plaintiff's claims against the City. Such an instruction will be more than sufficient, as there is not much risk of juror confusion; it is common sense that misconduct from another investigation not involving an individual defendant will have no bearing on that individual defendant's liability. And where the jury will hear about other cases of NHPD misconduct that do involve an individual defendant, the jury will be guided by a limiting instruction by this Court setting forth how, and for what claims, it may consider the evidence (*i.e.*, whether merely in support of Plaintiff's *Monell* claims or also as non-propensity, non-

character evidence to demonstrate an individual defendant's opportunity, knowledge, motive, intent, etc.).

Additionally, the core of Plaintiff's *Monell* evidence—should Plaintiff even have to prove the City's widespread custom and practice of suppressing evidence favorable to criminal suspects, *see* ECF No. 124 at 7–8 (articulating the reasons why the City is collaterally estopped from arguing otherwise based on the *Morant* jury's finding)—does not lie in individual examples of misconduct. Instead, the bulk of the evidence Plaintiff plans to submit in support of her *Monell* claim relates to broad practices at the NHPD as opposed to specific examples. *See* ECF No. 124 at 9–12. But in any event, there is no trial date and Wortz has not made a showing that any of the evidence Plaintiff will seek to submit at a trial is inadmissible, which highlights just how premature the issue of bifurcation of trial is at this juncture.

For the foregoing reasons, this Court should deny Defendant Wortz's request to bifurcate and stay *Monell* discovery and to bifurcate the trial.

Respectfully submitted,

/s/ Grace Paras
Nick Brustin*
Emma Freudenberger*
Grace Paras*
Hayley Bork*
Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
200 Varick Street, Suite 800
New York, NY 10014
(212) 965-9081

Michael A. Jefferson
Law Office of Attorney Michael A. Jefferson
575 Main Street
East Haven, CT 06512
(203) 623-6276

*Attorneys for Plaintiff Mary Murphy-Taylor*

*Attorneys admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Grace Paras*