# Exhibit A

Plaintiff’s RFPs, 8/18/2026

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GEORGE GOULD,<br><br>Plaintiff,<br><br>v.<br><br>The CITY OF NEW HAVEN, et al.,<br><br>Defendants. | **Case No. 3:25-cv-00934 (KAD)**[1] |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KEITH WORTZ**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs George Gould and Mary Murphy-Taylor, through their attorneys demand that Defendant Keith Wortz (hereinafter, "Defendant") produce documents responsive to the following requests within 30 days of service of this demand. As required by Rule 26(e), Defendant must promptly amend or supplement his answers or disclosures within 30 days after additional information or material is acquired, and in no event later than 30 days before trial.

Defendant's answers must restate each document request in full before responding to it. Each document request must be accorded a separate answer. Each response shall first set forth <u>verbatim</u> the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

---

[1] Per the Court's September 10, 2025 Order (ECF No. 82), the matters of *Gould v. City of New Haven et al.*, 3:25-cv-00934-KAD and *Murphy-Taylor v. City of New Haven et al.*, 3:25-cv-00935-KAD, are consolidated for purposes of discovery. As such, these requests for production shall apply to both cases.

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in the order in which they were originally arranged. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents. In accordance with the parties' agreement before the Court, documents shall be produced electronically.

If documents are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If no responsive documents exist then so state. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5). If you object to or otherwise do not respond to any Request, in whole or in part, set forth the nature and basis for the objection or other failure or refusal to respond in sufficient detail so that the court can determine the propriety of such objection or failure or other refusal to respond, and state whether any information is being withheld on the basis of the objection.

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

**a.** **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**b.** **Identify** (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present

or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**c.** **Identify** (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**d.** **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**e.** **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**f.** **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**g.** **You**. The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

**h.** **NHPD.** The term "NHPD" refers to the New Haven Police Department and any administrative subpart thereof.

**i.** The term "**control**" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

**REQUESTS FOR PRODUCTION**

1. Identify and produce copies of any and all documents in your possession, custody, or control concerning the investigation of the November 6, 1996, homicide of Philip Cusick, including without limitation any documents concerning the alleged police misconduct which occurred during the Cusick homicide investigation.

2. Identify and produce copies of any and all documents in your possession, custody, or control concerning the matter of *Keith Wortz v. Wearing*, No. 3:01-cv-01632-RNC (D. Conn.), including but not limited to a copy of any complaint(s) filed in that matter and copies of any depositions or testimony taken in that matter.

3. Identify and produce copies of any and all documents in your possession, custody, or control concerning the matter of *Coppola v. Wearing, et al.*, No. 3:01-cv-00813-MRK (D. Conn.), including but not limited to a copy of any complaint(s) filed in that matter and copies of any depositions or testimony taken in that matter.

4. Identify and produce copies of any and all documents in your possession, custody, or control concerning the matter of *Rodriguez v. New Haven, et al.*, No. 3:01-cv-00592-MRK (D. Conn.), including but not limited to a copy of any complaint(s) filed in that matter and copies of any depositions or testimony taken in that matter.

5. Identify and produce copies of any and all documents in your possession, custody, or control concerning your work experience in which you "conducted in-depth case reviews, evaluated patterns across agencies, and produced reports and briefings that highlight accountability gaps and opportunities for reform," as described on your LinkedIn page. *See* Exhibit A, attached. This includes, but is not limited to, copies of any such reports or briefing prepared by you or to which you contributed that identify "accountability gaps and opportunities for reform" within the NHPD.

6. Identify and produce copies of any and all documents in your possession, custody, or control concerning your "grand jury testimony regarding systemic issues, including investigative failures, wrongful convictions, and misconduct within the criminal justice

system" as described on your LinkedIn page. *See* Exhibit A. This includes, but is not limited to, copies of any "grand jury testimony regarding systemic issues, including investigative failures, wrongful convictions, and misconduct" within the NHPD.

7. Identify and produce copies of any and all documents in your possession, custody, or control concerning your work "contributing to investigative efforts that serve the public interest," as described on your LinkedIn page. *See* Exhibit A.

8. Identify and produce copies of any and all documents in your possession, custody, or control concerning every instance of "corruption" referenced at Exhibit B (attached), page 1, excerpted here: "As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

9. Identify and produce copies of any and all documents in your possession, custody, or control concerning the "murder cover-ups" referenced at Exhibit B, page 2, excerpted here: "As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

10. Identify and produce copies of any and all documents in your possession, custody, or control concerning the "murder investigations" referenced at Exhibit B, page 2, excerpted here: "As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

11. Identify and produce copies of any and all documents in your possession, custody, or control concerning the "Grand Jury trial" referenced at Exhibit B, page 2, excerpted here: "As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

12. Identify and produce copies of any and all documents in your possession, custody, or control concerning the "major changes in the New Haven Police Department" referenced at Exhibit B, page 2, excerpted here: "As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents, to propound additional requests, and to use other discovery mechanisms.

Dated: August 18, 2026

Sincerely,

/s/ *Hayley Bork*
Nick Brustin
Emma Freudenberger
Grace Paras
Hayley Bork
Neufeld Scheck Brustin Hoffman & Freudenberger, LLP
200 Varick Street, Suite 800
New York, NY 10014
(212) 965-9081

*Attorneys for Plaintiffs George Gould and Mary Murphy-Taylor*

/s/ *Richard Emanuel*
Richard Emanuel
Law Offices of Richard Emanuel
246 Goose Lane, Suite 106
Guilford, CT 06437
(203) 689-5761

*Attorney for Plaintiff George Gould*

/s/ *Michael Jefferson*

Michael A. Jefferson
Law Office of Attorney Michael A. Jefferson
290 Bellevue Road
New Haven, CT 06511
(203) 623-6276

*Attorney for Plaintiff Mary Murphy-Taylor*

**Certificate of Service**

I, Hayley Bork, hereby certify that on August 18, 2026, true and correct copies of Plaintiffs' Second Set of Requests for Production of Documents to Defendant Keith Wortz were served via email on the following:

Daniel Passeser (ct32099)
Tadhg Dooley (ct29364)
Armando Ghinaglia (ct31859)
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06508
dpasseser@wiggin.com
tdooley@wiggin.com
aghinaglia@wiggin.com

*Attorneys for Defendant City of New Haven*

Kristan M. Maccini (ct25121)
Maccini Voccio & Jordan, LLC
1090 Elm Street
Rocky Hill, CT 06067
kmaccini@mvjlawfirm.com

*Attorney for Defendants Matthew Merced, Othoniel Reyes, and Stephen Coppola*

Stephen G. Murphy (ct03780)
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
smurphy@mwllc.us

*Attorney for Defendant Keith Wortz*

James G. Williams (ct01938)
Scott Ouellette (ct26827)
37 BROADWAY, FIRST FLOOR
NORTH HAVEN CT 06473-1723
jwilliams@wwolaw.com
souellette@wwolaw.com

*Attorneys for Lee Dease, personal representative of the estate of Leroy Dease, Gil Burton, and John Carangelo, personal representative of the estate of Percy Gethers*

Megan L. Nielsen (ct31329)
Michael J. Rose (ct14803)
Rose Kallor, LLP
750 Main Street, Suite 309
Hartford, CT 06103
mnielsen@rosekallor.com
mrose@rosekallor.com

*Attorneys for Brian Sullivan and Daniel Gleason*

/s/ *Hayley Bork*
Hayley Bork
*Attorney for Plaintiffs George Gould and Mary Murphy-Taylor*