# Exhibit B

Wortz's 9/16/2026 Response to Plaintiff's RFPs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GEORGE GOULD<br>v.<br>CITY OF NEW HAVEN, ET AL | CIVIL NO.:<br>3:25-CV-00934 (KAD) |
| MARY MURPHY-TAYLOR<br>v.<br>CITY OF NEW HAVEN, ET AL. | CIVIL NO.:<br>3:25-CV-00935 (KAD)<br><br>SEPTEMBER 16, 2026 |

**DEFENDANT KEITH WORTZ'S OBJECTIONS TO**
**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed.R.Civ.P. 33 and 34, the defendant, Keith Wortz, ("defendant"), hereby gives notice of his objections to the plaintiffs' Second Set of Production Requests, dated August 18, 2026, as follows:

**GENERAL OBJECTIONS**

**1. By responding to these Requests for Production ("Requests"), the defendant Wortz does not waive his right to object to the use of the responses to the Requests at any time or on any ground in this or any other proceeding. In addition, discovery in this action is still proceeding and, therefore, this defendant reserves the right to amend any responses in light of later discovered facts in support of his position at trial.**

**2. By responding to these Requests, the defendant Wortz does not in any way adopt plaintiffs' purported definitions of words and phrases contained in these Requests. This defendant objects to plaintiffs' purported "Definitions" to the extent they attempt to impose upon this defendant any obligation broader than, or inconsistent with, the Federal Rules of Civil Procedure, Local Rules of the District of Connecticut, or any other applicable discovery rules or common law.**

**3. The defendant Wortz does not admit, adopt or acquiesce in any factual or legal contention, presumption, assertion or characterization contained in these Requests.**

**4. The defendant Wortz objects to the plaintiffs' Requests to the extent they seek materials that are not in plaintiffs' current possession, custody or control, or to the extent they seek the production of documents and information already in the possession of, publicly available to, or readily obtainable to the plaintiff and their counsel.**

**5. The defendant Wortz objects to each of the plaintiffs' requests to the extent they seek information or documents within the possession of third parties.**

**6. The defendant Wortz objects to each of the plaintiffs' requests to the extent they seek news articles or media statements that are publicly available to or readily obtainable by the plaintiffs and their counsel. Publicly available media will not be produced.**

**7. The defendant Wortz objects to each of the plaintiffs' requests to the extent they call for searches of email accounts, social media accounts, or text messages of this defendant or any other person. Such searches will not be conducted.**

**8. The defendant Wortz reserves his right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents it provides in response to these discovery requests.**

**9. These general objections are incorporated by reference into each specific response made by the defendant Wortz to plaintiffs' Requests, and any assertion of the same, similar, or additional objections, or the provision of partial responses to these Requests do not waive any of the general objections set forth herein**.

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

**a.** **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

b. **Identify** (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

c. **Identify** (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

d. **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

e. **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

f. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

g. **You**. The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

h. **NHPD.** The term "NHPD" refers to the New Haven Police Department and any administrative subpart thereof.

i. The term "**control**" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

**OBJECTIONS TO DEFINITIONS**

**1. The defendant Wortz hereby objects to the Definitions in the plaintiffs' request to the extent that they are overly broad, unduly burdensome, oppressive, vague, and unreasonable.**

**2. The defendant Wortz objects to the definition of the term "control" as set forth by the plaintiff. The purported obligation of the defendant to obtain documents from another person or a public or private entity having possession exceeds the requirement of the Federal Rules and/or Local Rules. Further, it is unduly burdensome and oppressive, as it seeks information that cannot be obtained with substantially greater facility than can otherwise be obtained by the requesting party and seeks to require the defendant to produce information or documents not in his possession, custody or control.**

**3. The defendant Wortz objects to any "Definition" to the extent the plaintiffs attempt to impose upon this defendant any obligation broader than, or inconsistent with, the Federal Rules of Civil Procedure, Local Rules of the District of Connecticut, or any other applicable discovery rules or common law.**

Subject to and without waiving the foregoing general objections, the defendant responds as follows:

**OBJECTIONS TO REQUESTS FOR PRODUCTION**

1. Identify and produce copies of any and all documents in your possession, custody, or control concerning the investigation of the November 6, 1996, homicide of Philip Cusick, including without limitation any documents concerning the alleged police misconduct which occurred during the Cusick homicide investigation.

**OBJECTION: The defendant Wortz objects to this request as it is overly broad and unduly burdensome, oppressive, vague and not reasonably specific, narrow or sufficiently limited as to the time or scope and therefore not calculated to lead to the discovery of admissible evidence to the extent it seeks records irrelevant to any party's claim or defense, nor is the information proportional to the needs of discovery, as responsive records have no tendency to make any consequential fact more or less probable. This defendant further objects to the Request to the extent it seeks documents not within defendant's possession, custody, or control, and to the extent it calls for information protected by the attorney-client privilege, work-product doctrine, joint-defense privilege, law-enforcement privilege, deliberative-process privilege, or any other applicable privilege or immunity.**

**This request is further objected to in that it seeks documents equally available to plaintiff from public sources or third parties and therefore it seeks to require the defendant to produce information or documents not in its possession, custody or control.**

**This request is further objected to in that it seeks production of documents unrelated to the *Gould* and/or *Taylor* cases without the *Monell* claim pending against the co-defendant City of New Haven. There are pending motions to bifurcate the *Monell* claim and, if granted, any document request related solely to the *Monell* claim is irrelevant.**

2. Identify and produce copies of any and all documents in your possession, custody, or control concerning the matter of *Keith Wortz v. Wearing*, No. 3:01-cv-01632-RNC (D.Conn.), including but not limited to a copy of any complaint(s) filed in that matter and copies of any depositions or testimony taken in that matter.

**See Objections to Request for Production 1.**

3. Identify and produce copies of any and all documents in your possession, custody, or control concerning the matter of *Coppola v. Wearing, et al.*, No. 3:01-cv-00813-MRK (D.Conn.), including but not limited to a copy of any complaint(s) filed in that matter and copies of any depositions or testimony taken in that matter.

**See Objections to Request for Production 1.**

4. Identify and produce copies of any and all documents in your possession, custody, or control concerning the matter of *Rodriguez v. New Haven, et al.*, No. 3:01-cv-00592-MRK (D. Conn.), including but not limited to a copy of any complaint(s) filed in that matter and copies of any depositions or testimony taken in that matter.

**See Objections to Request for Production 1.**

5. Identify and produce copies of any and all documents in your possession, custody, or control concerning your work experience in which you “conducted in-depth case reviews, evaluated patterns across agencies, and produced reports and briefings that highlight accountability gaps and opportunities for reform,” as described on your LinkedIn page. *See* Exhibit A, attached. This includes, but is not limited to, copies of any such reports or briefing prepared by you or to which you contributed that identify “accountability gaps and opportunities for reform” within the NHPD.

**See Objections to Request for Production 1.**

6. Identify and produce copies of any and all documents in your possession, custody, or control concerning your "grand jury testimony regarding systemic issues, including investigative failures, wrongful convictions, and misconduct within the criminal justice system" as described on your LinkedIn page. *See* Exhibit A. This includes, but is not limited to, copies of any "grand jury testimony regarding systemic issues, including investigative failures, wrongful convictions, and misconduct" within the NHPD.

**See Objections to Request for Production 1.**

7. Identify and produce copies of any and all documents in your possession, custody, or control concerning your work "contributing to investigative efforts that serve the public interest," as described on your LinkedIn page. *See* Exhibit A.

**See Objections to Request for Production 1.**

8. Identify and produce copies of any and all documents in your possession, custody, or control concerning every instance of "corruption" referenced at Exhibit B (attached), page 1, excerpted here: "As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

**OBJECTION: The defendant Wortz objects to this request as it is overly broad and unduly burdensome, oppressive, vague and not reasonably specific, narrow or sufficiently limited as to the time or scope and therefore not calculated to lead to the discovery of admissible evidence to the extent it seeks records irrelevant to any party's claim or defense, nor is the information proportional to the needs of discovery, as responsive records have no tendency to make any consequential fact more or less probable. This defendant further objects to the Request to the extent it seeks documents not within defendant's possession, custody, or control, and to the extent it calls for information protected by the attorney-client privilege, work-product doctrine, joint-defense privilege, law-enforcement privilege, deliberative-process privilege, or any other applicable privilege or immunity.**

**This request is further objected to in that it seeks documents equally available to plaintiff from public sources or third parties and therefore it seeks to require the defendant to produce information or documents not in its possession, custody or control.**

**This request is further objected to as the subject matter referenced is a characterization by a non-party and not by defendant Wortz. Wortz does not necessarily agree or adopt, in part or in full, these characterizations and therefore the defendant Wortz objects to responding to such request that is based on a characterization by a non-party.**

**This request is further objected to in that it seeks production of documents unrelated to the *Gould* and/or *Taylor* cases without the *Monell* claim pending against the co-defendant City of New Haven. There are pending motions to bifurcate the *Monell* claim and, if granted, any document request related solely to the *Monell* claim is irrelevant.**

9. Identify and produce copies of any and all documents in your possession, custody, or control concerning the “murder cover-ups” referenced at Exhibit B, page 2, excerpted here: “As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department.”

**See Objections to Request for Production 8.**

10. Identify and produce copies of any and all documents in your possession, custody, or control concerning the “murder investigations” referenced at Exhibit B, page 2, excerpted here: “As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department.”

**See Objections to Request for Production 8.**

11. Identify and produce copies of any and all documents in your possession, custody, or control concerning the "Grand Jury trial" referenced at Exhibit B, page 2, excerpted here: "As a cop, he exposed corruption and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

**See Objections to Request for Production 8.**

12. Identify and produce copies of any and all documents in your possession, custody, or control concerning the "major changes in the New Haven Police Department" referenced at Exhibit B, page 2, excerpted here: "As a cop, he exposed corruption and murder coverups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department."

**See Objections to Request for Production 8.**

THE DEFENDANT,
KEITH WORTZ

BY MILANO & WANAT LLC

By /s/ ct03780
Stephen G. Murphy, Jr.
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
(203) 315-7217 – phone
(203) 315-7007 – fax
smurphy@mwllc.us

# EXHIBIT A

[redacted]




## Keith Wortz

Criminal Justice Reform Advocate | Former Detective | 40 Years in Law Enforcement & Victim Advocacy | Whistleblower | Victim Rights Leader

Connecticut Judicial Branch – Office of Victim Services

Cheshire, Connecticut, United States · Contact info

4 connections

Connect Message More

## About

I am an investigative professional with nearly 40 years of experience examining how criminal justice systems operate—and where they fail.

My career spans frontline law enforcement as a detective, court-based victim advocacy, and system-level analysis within the Connecticut Judicial Branch. Across these roles, I have developed a deep understanding of how cases move through the system, how decisions are made, and how those decisions impact victims, defendants, and public trust.

My work focuses on identifying systemic breakdowns, analyzing institutional practices, and translating complex investigative and legal processes into clear, evidence-based findings. I have conducted in-depth case reviews, evaluated patterns across agencies, and produced reports and briefings that highlight accountability gaps and opportunities for reform.

I have also provided sworn grand jury testimony regarding investigative failures and misconduct within the criminal justice system and have independently developed and presented legislative proposals addressing victim rights and trauma-informed reform.

Throughout my career, I have worked in high-stakes environments involving violent crime, sexual assault, organized criminal activity, and multi-agency investigations. I have also conducted undercover operations and contributed to statewide gang and narcotics investigations.

Today, my focus is on advancing accountability, strengthening victim-centered practices, and contributing to investigative efforts that serve the public interest.

I am particularly interested in investigative journalism, public integrity work, and system-level reform initiatives.

## Featured

Link



**Opinion: Justice the CT public can see is justice ..**

Hartford Courant

This piece argues that while criminal justice reform contir ues to evolve, public confidence depends on transparenc and meaningful participation for victims whose lives are directly affected by these cases.

## Activity

+ Follow

5 followers

Posts | Comments | Articles



**Keith Wortz** • 3rd+ •••

Criminal Justice Reform Advocate | Former ...

2d •

Nearly a year ago, Inside Investigator published "Disorder in the Courts," recounting my family's experience after my daughter became the victim of a serious crime, including what I believe were systemic failures, retaliation for raising concerns, and missed opportunities that may have contributed to... more




**Disorder in the courts: two families struggle fo...**

insideinvestigator.org



**Keith Wortz** • 3rd+ •••

Criminal Justice Reform Advocate | Former ...

2mo •

Across different courts and jurisdictions, one thing becomes absolutely clear:

Practices are not consistent. In many cases, deplorable mistreatment of crime victims prevail.

Some courts ensure victims are notified, heard, and meaningfully included. Many other courts do not.

That inconsistency creates inequality.

A victim's experience should not depend on:
• Geography
• Individual discretion... more

2 1

Show all →

## Experience

### Connecticut Judicial Branch – Office of Victim Services
20 yrs 3 mos

**Senior Advocate**
Full-time
Sep 2025 - Present · 11 mos
Wethersfield, Connecticut, United States · Hybrid

Lead analysis of systemic issues affecting crime victims, identifying structural failures and service gaps. Produce investigative-style reports and briefings translating complex legal and operational issues into actionable findings. Evaluate patterns across cases to assess accountability, consistency, and victim-centered practices. Collaborate with prosecutors, law enforcement, and judicial leadership on cross-system challenges and reforms.

**Project Engineering, Whistleblower Advocacy and +17 skills**

**Victim Advocate**
May 2006 - Sep 2025 · 19 yrs 5 mos

Provided advocacy in serious felony, sexual assault, and violent crime cases. Coordinated with justice stakeholders to ensure comprehensive victim-centered responses.

**Project Engineering, Whistleblower Advocacy and +13 skills**

### Detective
New Haven Police Department
Jan 1986 - May 2006 · 20 yrs 5 mos

Led complex criminal investigations involving violent crime, narcotics, and organized criminal activity. Conducted undercover statewide gang and narcotics investigations targeting organized networks. Assigned to State Police Gang Task Force supporting multi-jurisdictional operations. Developed sex-offender tracking database improving investigative coordination. Provided sworn grand jury testimony regarding systemic issues, including investigative failures, wrongful convictions, and misconduct.

**Project Engineering, Whistleblower Advocacy and +15 skills**

## Education

### Eastern Gateway Community College

Associate of Science, Business Administration and Management, General

Summa Cum Laude

## Skills (28)

### Victim Advocacy & Rights

1 endorsement

### Trauma-Informed Practice

Senior Advocate at Connecticut Judicial Branch – Office of Victim Services

1 endorsement

Show all →

## Interests

Companies

**Zip, a puzzle by LinkedIn**
52,627,186 followers

+ Follow

**CHESHIRE LAND TRUST INC**
2 followers

+ Follow

Show all →

## More profiles for you

**Jeffrey Russitano Jr** · 2nd
MS in Applied AI & Business Analytics Candidate | Computer Information Systems Graduate

Connect

**Andrew Davis** · 3rd
Criminal Defense Attorney

# EXHIBIT B

INVESTIGATIONS

# Disorder in the courts: two families struggle for justice

Brandon Whiting September 28, 2025




*This investigation includes strong language and descriptions/ discussion of sexual assault and may not be suitable for all readers*

Keith Wortz, a former **New Haven** police detective and current Victim Services Advocate for **Connecticut**'s Judicial Branch, has a history of taking on injustice. As a cop, he exposed corruption

and murder cover-ups within the New Haven police department, leading to a Grand Jury trial, reviews of several murder investigations, and major changes in the New Haven Police Department. His whistleblowing back then made him no friends at the department, and after filing a suit for workplace retaliation, Wortz received a **$240,000 settlement from the city.**

More than twenty years later, he finds himself in a similar situation, battling what he believes to be corruption and coverups in the state's criminal justice system, and facing professional retaliation as a result. This time, however, the issue is much more personal; one of Wortz's five daughters, who will be referred to as Angela, was the victim of an alleged sexual assault in 2021.

He agreed to be interviewed for this story as a parent of a sexual assault victim, not in any capacity as an employee of the state's Judicial Branch.

Wortz says he and his family felt disappointed by Connecticut's accountability systems as they pursued justice; Wortz was concerned by the **Cheshire** Police Department's (CPD) failure to investigate all the leads they were provided, "disgusted" by state prosecutors' reluctance to charge the defendant adequately, and ultimately disappointed when prosecutors entered a nolle prosequi, which dropped all charges. Via court records, *Inside Investigator* was able to identify the alleged perpetrator of the assault as Talon Vadasz-Buckhout.

"I stressed to the prosecutor; 'Trust me, if you don't hold this guy accountable and get him the right treatment, he is going to continue to rape and he eventually will kill somebody,'" said Wortz. "And he [State's Attorney Corradino] said, 'Well, I guess we'll just have to see,' and I said, 'Well, when he does, I will be right here to see to it that people are held to account.'"

Unfortunately, there is evidence suggesting Wortz's prediction has come true, and he has now turned to *Inside Investigator* to keep true to his promise of public accountability. Within weeks of his sexual assault case being nolled, Vadasz-Buckhout was arrested in **Meriden** for threatening another teenager with a knife. He was placed on Accelerated Rehabilitation, despite Wortz's pleas to the judge.

Vadasz-Buckhout's threatening charge also came a week after his mother's fiancé, Shane DeJongh, was found dead in their family home. While no charges have ever been pressed in the death of DeJongh, members of DeJongh's family are convinced that Vadasz-Buckhout is responsible for his death and are sitting on an autopsy that clearly spells out the manner of death as homicide.

"Victims of crime must be treated with dignity and their rights respected, but many victims find themselves being re-victimized by the failing system of justice," said Wortz. "The Division of Criminal Justice and the Judicial Branch have painstakingly demonstrated that victims are subservient to the criminal who inflicted harm on them."

## CERTIFICATION OF SERVICE

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on **September 16, 2026** to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served as follows:

| | |
|---|---|
| *For the plaintiffs, George Gould and Mary Murphy-Taylor*<br>Nick Brustin<br>Emma Freudenberger<br>Grace Paras<br>Hayley Bork<br>Neufeld Scheck & Brustin, LLP<br>200 Varick Street<br>Suite 800<br>New York, NY 10014<br>hayley@nsbhf.com<br>gouldtaylorcaseteam@nsbhf.com | *For the plaintiff George Gould*<br>Richard Emanuel<br>Law Offices of Richard Emanuel<br>246 Goose Lane<br>Suite 106<br>Guilford, CT 06437<br>newtrials@comcast.net |
| *For the plaintiff, Mary Murphy-Taylor*<br>Michael A. Jefferson<br>Law Office of Attorney Michael A. Jefferson<br>290 Bellevue Road<br>New Haven, CT 06511<br>mjefferson.esq@gmail.com | *For the defendants Matthew Merced, Otoniel Reyes, and Stephen Coppola*<br>Kristan M. Maccini, Esquire<br>Maccini Voccio & Jordan, LLC<br>1090 Elm Street<br>Rocky Hill, CT 06067<br>kmaccini@mvjlawfirm.com |
| *For the defendants, Brian Sullivan and Daniel Gleason*<br>Megan L. Nielsen<br>Michael J. Rose<br>Rose Kallor, LLP<br>750 Main Street, Suite 309<br>Hartford, CT 06103<br>mnielsen@rosekallor.com<br>mrose@rosekallor.com | *For the defendant, City of New Haven*<br>Daniel Passeser<br>Tadhg Dooley<br>Armando Ghinaglia<br>Wiggin and Dana LLP<br>One Century Tower<br>265 Church Street<br>New Haven, CT 06508<br>dpasseser@wiggin.com<br>tdooley@wiggin.com<br>aghinaglia@wiggin.com |

| | |
|---|---|
| *For the defendants, Lee Dease, Gil Burton, and Jack Roe*<br>James G. Williams<br>Scott Ouellette<br>37 Broadway, First Floor<br>North Haven CT 06473-1723<br>jwilliams@wwolaw.com<br>souellette@wwolaw.com | |

/s/ ct03780
Stephen G. Murphy, Jr.